UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM TRAVEL SERVICES, INC. a Massachusetts Corporation, <br><br>   Plaintiff, <br><br>   v. <br><br> ADAM VACATIONS PARTNERS, a general partnership; and NICHOLAS HESTER, individually, <br><br>   Defendants. | ) ) ) ) ) ) ) Case No. 1:26-cv-01225 ) ) ) ) ) ) ) |

## **VERIFIED COMPLAINT**

Plaintiff, ADAM TRAVEL SERVICES, INC. ("PLAINTIFF"), by and through undersigned counsel, for its complaint against Defendants ADAM VACATIONS PARTNERS and NICHOLAS HESTER ("DEFENDANTS"), alleges the following:

## **NATURE OF ACTION**

1. This is an action for trademark infringement and counterfeiting, false designation of origin, passing off, usage of counterfeit mark, and dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c); deceptive trade practices under 815 ILCS § 510 of the Illinois Uniform Deceptive Trade Practices Act; trademark dilution under 765 ILCS § 1036/65 of the Illinois Trademark Registration and Protection Act; and trademark infringement and unfair competition under the common law of the State of Illinois, whereby Plaintiff is seeking an injunction against the illegal infringement activities of Defendant, in addition to monetary damages and treble damages as allowed under the Lanham Act.

1

## PARTIES

2. Plaintiff is a Massachusetts corporation, registered with the Illinois Secretary of State as a foreign corporation with its principal place of business at 770 North LaSalle St., Ste. 405, Chicago, IL 60654.

3. Defendant Nicholas Hester ("Hester"), is an individual residing in the City of Chicago, Cook County, Illinois.

4. Defendant Adam Vacations Partners ("AVP") is a general partnership between Defendant Nicholas Hester, Kritik Kumar, and Barun Kumar which does business under the assumed name Adam Vacations Partners.

## JURISDICTION

5. As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

6. As this case relates to unfair trade practices that are joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

7. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

8. Additionally, this Court has jurisdiction over this matter pursuant a Joint Business Agreement (the "Agreement"), attached hereto as Plaintiff's Exhibit 1, and thereby incorporated by reference, which was entered into in Illinois, whereby the Defendants consented to Illinois jurisdiction, and the transactions and events giving rise to this action occurred in Illinois.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

## TRADEMARKS-IN-SUIT

10. Plaintiff, ADAM TRAVEL SERVICES, INC, is currently the owner of four trademarks through separate entities. Three of these marks are not presently at issue in this case, Adam Tours, Word Mark Ser. No. 77931688, Adam Travel, Design Mark Ser. No. 77931794, Adam Travel, Word Mark Ser. No. 77931663.

11. Plaintiff is the owner by assignment of the entire rights, title, and interest, including the right to sue for infringement, of United States Trademark Registration No. 6,323,080 on the Principal Register for the *word mark* "Adam Vacations" ("Plaintiff's Mark") for "Arranging of transportation for travel tours; Travel booking agencies" The priority date of this registration is January 1, 2016. A true and correct copy of the registration is attached as Exhibit 2.

12. The "Adam Vacations" *word mark* has been in continuous use since at least January 1, 2016.

13. The "Adam Vacations" *word mark* was registered on April 13, 2021 to the Principal Register, and thus the registration is incontestable under the provisions of 15 U.S.C. §1065 in that Section 8 and 15 Affidavits were timely filed with the United States Patent and Trademark Office.

## FACTUAL BACKGROUND

14. Plaintiff currently owns and operates a Massachusetts corporation from its principal place of business in Illinois where it is engaged in the business of providing travel services.

15. ADAM TRAVEL SERVICES, INC. was formed under Massachusetts law on November 27, 1996, and has been using Plaintiffs Marks for at least 9 years.

3

16. Plaintiff has created a suite of trademarks that it uses to promote its services and those of its subsidiaries and associated entities.

17. Plaintiff has expended significant sums of money to promote and advertise its business under its trademarks.

18. More specifically, Plaintiff has advertised and used its trademarks in physical and online advertisements.

19. Upon information and belief, Defendants Hester and Adam Vacation Partners run various websites using the Plaintiff's Mark.

20. Defendant advertises, promotes, sells, and offers to provide travel related services using Plaintiff's Mark.

21. Defendant allows potential customers in Illinois and the United States to communicate and inquire for specific services via the Internet.

22. Defendant conducts business where it markets, offers and sells its services under to following domain: https://www.adamvacations.com/.

23. Images of Defendant's infringing use on their various websites under that domain are depicted below:

**Defendants' website -** https://www.adamvacations.com/



**Defendants' website -** https://us.adamvacations.com/



24. Defendants advertise and promote their company under its on its various web pages where they repeatedly use Plaintiff's "Adam Vacations" Mark.

25. Defendant Nicholas Hester is an equal partner with Barun and Kritik Kumar and through the Adam Vacations Partners partnership they each use Plaintiff's mark on the adamvacations.com website. See emails attached as Exhibit 3.

26. Plaintiff and Defendants each advertise, promote, sell, and offer to provide travel related services and are thus direct competitors.

27. Upon information and belief, Defendant Nicholas Hester is an equal partner with Barun and Kritik Kumar and is individually, jointly, and severally liable as equal partners under the general partnership Adam Vacations Partners.

28. On or about June 6, 2023 Plaintiff licensed Adam Vacations Partners to use its trademarks as part of the Joint Business Agreement between the Plaintiff and Defendants, whereby the Defendants were permitted to use Plaintiff's Airline Reporting Corporation (ARC) accreditation, Ticketing System, and Name, in exchange for issuing all of its tickets exclusively through Plaintiff's systems and adhering to the rules and regulations governing said systems. See Agreement attached as Exhibit 1.

29. Defendants breached this agreement by repeatedly violating airline rules and regulations in violation of the Agreement.

30. Following the breach of the agreement, the license to utilize Plaintiff's name and trademarks was revoked. However Defendants have continued to use Plaintiff's mark.

31. Adam Vacations Partners continues to run these websites noted above.

6

32. Defendants acted with full knowledge of Plaintiff's Mark and have continued to use Plaintiff's Mark, thereby making the use and continued use of Plaintiff's Mark deliberate, willful and wanton.

33. Defendants acted with full knowledge of Plaintiff's Marks by marketing its products as if it were affiliated with Plaintiff.

34. Furthermore, at least one customer of Defendants has confused Defendants' services for those of Plaintiff. On December 17, 2025 Plaintiff received a Formal Chargeback Dispute Reopening Request intended for Defendants which accuses Plaintiff of defrauding a customer, indicating actual confusion as to the source of the services provided.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
## PURSUANT TO 15 U.S.C. § 1114
## (against all Defendants)

35. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 34 above, as if fully set forth herein.

36. Defendants have used in commerce, reproductions, counterfeit, copies, and/or colorable imitations of Plaintiff's Marks and in connection with the promotion, advertising, sale, and offering for sale of its services.

37. Defendants' branding comprises of counterfeit, spurious marks which are identical with, or substantially indistinguishable from Plaintiff's Mark, such that it is likely to cause confusion.

38. Defendants have offered services using Plaintiff's Mark, without Plaintiff's authorization, to capitalize upon the popularity of Plaintiff's products.

39. As a direct and proximate result of Defendants' infringing use of Plaintiff's Mark, this has caused Plaintiff to lose profits and to lose goodwill associated with its marks.

40. Plaintiff will be irreparably damaged by continued loss of profits, loss of goodwill, and loss of control over the reputation of its marks unless Defendants are prevented from continuing to promote, advertise, sell, or to offer for sale its goods associated with the intentionally and confusingly similar marks.

41. Defendants have thereby created a likelihood of confusion in the market place that will continue and increase if Defendants are permitted to continue its unauthorized use and misappropriation of Plaintiff's Mark.

42. Defendants intentionally adopted Plaintiff's Mark, based upon information and belief, with knowledge of Plaintiff's prior usage, and have thereby infringed Plaintiff's Marks willfully and with wanton disregard of Plaintiff's rights, and will continue to do so unless enjoined.

43. Defendants' use and continued use of the registered marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

44. Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

## COUNT II
## TRADEMARK INFRINGEMENT, DIRECT UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF PURSUANT TO 15 U.S.C. §1125(a)
## (against all Defendants)

45. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 44 above, as if fully set forth herein.

46. Plaintiff has used its trademarks in interstate commerce to advertise, promote, and distinctly identify its airline travel services.

47. Defendants have adopted Plaintiff's Mark to promote its airline travel services.

48. Plaintiff's use of its trademarks in interstate commerce pre-dates Defendant's adoption and use of the marks.

49. Defendants' unauthorized use of the marks is likely to cause confusion, mistake, or to deceive customers as to Plaintiff's affiliation, connection, association, sponsorship, or approval of Defendants' services, all in violation of 15 U.S.C. § 1125(a).

50. Defendant's acts constitute unfair competition in violation of 15 U.S.C § 1125(a)(1)(A).

51. Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

52. Defendant's use and continued use of the marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights while designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

53. The goodwill of Plaintiff's Mark is of enormous value, and unless Defendant is restrained from continuing its unfair competition, false designation of origin, and passing off, Plaintiff will suffer irreparable injury.

54. Plaintiff is entitled to a permanent injunction against Defendant, as well as other remedies available under the Lanham act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

55. Likewise, Plaintiff is entitled to compensation from Defendant for its past unfair competition, false designation of origin, and passing off.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## PURSUANT TO 15 U.S.C. § 1125(c)
## (against all Defendants)

56. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 55 as if fully restated herein.

57. Defendant is making commercial use in commerce of Plaintiff's Mark that dilute and are likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of these famous marks with Plaintiff's goods, tarnishing and degrading the positive associations and prestigious connotations of the marks and otherwise lessening the capacity of the marks to identify and distinguish goods.

58. Plaintiff's use of its trademarks in interstate commerce pre-dates Defendants' adoption and use of the marks.

59. Defendants' unlawful use of the marks in commerce began long after Plaintiff's Marks became famous.

60. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Marks or to cause dilution of the marks, to the great and irreparable injury of Plaintiff.

61. Defendants' conduct causes, and will continue to cause, dilution of the distinctive quality of Plaintiff's Marks.

62. The trademark dilution has caused injury to Plaintiff in the form of lost sales and revenue, lost business reputation, consumer confusion, and will continue to be damaged by Defendants' infringement.

63. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages.

64. Likewise, Plaintiff is entitled to compensation from Defendants for their past dilution.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES**
**PURSUANT TO THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**815 ILCS § 510/1, *et seq.***
**(against all Defendants)**

65. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 64 as if fully restated herein.

66. Upon information and belief, Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their goods or services with Plaintiff's goods or services; and using deceptive representations or designations of origin in connection with Defendants' goods or services.

67. Defendant's conduct disparages, and will continue to disparage, the services of Plaintiff by false or misleading representation of the quality and designation of Plaintiff's services.

68. The unauthorized use by Defendants of Plaintiff's Mark is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff has no adequate remedy at law for this injury. Plaintiff is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

**COUNT V**
**STATE DILUTION**
**PURSUANT TO THE TRADEMARK REGISTRATION AND PROTECTION ACT**
**765 ILCS § 1036/65**
**(against all Defendants)**

69. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 68 as if fully restated herein.

70. Through prominent, long, and continuous use in commerce, including commerce within the State of Illinois, Plaintiff's Marks have become and continue to be famous and distinctive throughout the State of Illinois.

71. Defendants' use of the Mark began after Plaintiff's Mark became famous and distinctive.

72. Defendants are making use of marks in commerce such that Defendants' usage diluted and is likely to further dilute the distinctiveness of Plaintiff's Marks by eroding the public's exclusive identification of these famous marks with Plaintiff's goods, while simultaneously tarnishing and degrading the positive associations and prestigious connotations of the marks and otherwise lessening the capacity of the marks to identify and distinguish goods.

73. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Plaintiff's Marks or to cause dilution of the marks, to the great and irreparable injury of Plaintiff.

74. Defendants are causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive marks in violation of the Trademark Registration and Protection Act, 765 ILCS § 1036/65.

75. Plaintiff is therefore entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

76. Likewise, Plaintiff is entitled to compensation from Defendant for its past dilution.

## COUNT VI
## STATE TRADEMARK INFRINGEMENT
## PURSUANT TO ILLINOIS COMMON LAW
## (against all Defendants)

77. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 76 as if fully restated herein.

78. Plaintiff's use of the trademarks predates any alleged use by Defendants in the United States.

79. The aforesaid acts of Defendants constitute trademark infringement in violation of Illinois common law.

80. Upon information and belief, the acts of Defendants were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

81. The trademark infringement has caused injury to Plaintiff in the form of lost sales and revenue, lost business reputation, consumer confusion.

82. The trademark infringement has also caused irreparable injury to Plaintiff.

83. Plaintiff is therefore entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

84. Likewise, Plaintiff is entitled to compensation from Defendants for its past infringement.

### COUNT VII
### UNFAIR COMPETITION
### PURSUANT TO ILLINOIS COMMON LAW
### (against all Defendants)

85. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 84 as if fully restated herein.

86. The aforesaid acts of Defendants constitute unfair competition in violation of Illinois common law.

87. Upon information and belief, the acts of Defendants were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

88. The unfair competition has caused injury to Plaintiff in the form of lost sales and revenue, lost business reputation, and consumer confusion.

89. The unfair competition has also caused irreparable injury to Plaintiff.

90. Plaintiff is therefore are entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

91. Likewise, Plaintiff is entitled to compensation from Defendants for its past unfair competition.

### COUNT VIII
### UNJUST ENRICHMENT
### PURSUANT TO ILLINOIS COMMON LAW
### (against all Defendants)

92. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 91 as if fully restated herein.

93. The aforesaid acts of Defendants constitute unjust enrichment of Defendants at the expense of Plaintiff's intellectual property rights in violation of Illinois common law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

A.      Finding that (i) Defendants have violated 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c); (ii) Defendants have committed deceptive trade practices under 815 ILCS § 510/1, *et seq.;* (iii) Defendants have committed trademark dilution under 765 ILCS § 1036/65; (iv) Defendants have committed trademark infringement and unfair competition under Illinois common law; and (iv) Defendants have unjustly enriched themselves at the expense of Plaintiff.

B.      Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C § 1116, 17 U.S.C. § 502, 815 ILCS § 510/3, and 765 ILCS § 1036/65, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services in conjunction with Plaintiff's Marks or any other mark or design element substantially similar or confusing thereto;
2. engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with Plaintiff's marks;
3. engaging in any other activity that will cause the distinctiveness of Plaintiff's Marks to be diluted.

C.      Requiring Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner

and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) or in the alternative its actual damages suffered as a result of Defendants actions;

F. Awarding actual damages to which it is entitled under applicable federal and state laws;

G. Awarding treble damages to which it is entitled under 15 U.S.C. § 1117(b);

H. Awarding prejudgment interest on any monetary award made part of the judgment against Defendants; and

I. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: January 30, 2026

Respectfully Submitted,

/s/ Sean M. Sharp
Sean Sharp (#6313964)
Kennedy Snyder (#6349995)
Atom Law Group, LLC
770 N. LaSalle Dr., Suite 700
Chicago, Illinois, 60654
(P) 312-493-8000
(F) 312-943-4984
ssharp@atom.law
ksnyder@atom.law

Docusign Envelope ID: 974868A0-61A4-4465-B605-B5F5AE768619

ATTORNEYS FOR PLAINTIFF

17

## VERIFICATION

       Under penalties of perjury under the laws of the United States of America that the factual statements in the Verified Complaint are true and correct, the undersigned, Muhammad Khalil, as corporate representative for Plaintiff Adam Travel Services, Inc., certifies that he has read the foregoing Verified Complaint, that he has knowledge of the facts set forth therein and that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Signed by:

*Muhammad Khalil*

_____
Muhammad Khalil